UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA HALL | CIVIL ACTION |
| VERSUS | NO. 25-1069 |
| LABMAR FERRY SERVICES LLC AND NEW ORLEANS REGIONAL TRANSIT AUTHORITY. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is plaintiff's opposed[1] motion to remand.[2] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff, Teresa Hall, filed suit in state court alleging that she tripped and fell while attempting to board the Canal Street Ferry.[3] Plaintiff listed Labmar Ferry Services and New Orleans Regional Transit Authority as defendants.[4] On May 29, 2025, defendant New Orleans Regional Transit Authority filed a petition for removal, asserting this Court had jurisdiction under 28 U.S.C. §§ 1333, 1441, and 1446.[5] In support of its assertion of

---

[1]  R. Doc. 10.
[2]  R. Doc. 7.
[3]  R. Doc. 1-2 at 2.
[4]  *Id.*
[5]  R. Doc. 1.

jurisdiction, defendant stated that plaintiff's claim is maritime in nature.[6] Defendants do not assert that the parties are diverse or that diversity jurisdiction is met.[7] Plaintiff now moves to remand this action to state court, arguing that general maritime law claims are non-removable without an independent basis of subject matter jurisdiction.[8] Defendant New Orleans Regional Transit Authority opposes the motion, arguing that general maritime law claims are now removable even without an independent basis of subject matter jurisdiction.[9] The Court considers the parties arguments below.

## II.  LEGAL STANDARD

Unless a federal statute expressly provides otherwise, a defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the case.  28 U.S.C. § 1441(a).  The

---

[6]  *Id.* at 2.
[7]  *See generally Id.*  Indeed, defendant avers that plaintiff is a citizen of Louisiana, defendant New Orleans Regional Transit Authority is a political subdivision of the State of Louisiana, and defendant Labmar Ferry Services is a domestic Louisiana Corporation. Id. at 2. The Court notes, however, that defendant cites to § 1332(a) in its discussion of federal jurisdiction. *Id.* at 3.  The Court finds that this is likely an error, as defendant makes no diversity related argument and avers in the same document that all parties are domiciled in Louisiana.
[8]  *See generally* R. Doc. 7-1.
[9]  *See generally* R. Doc. 10.

removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III.  DISCUSSION

Plaintiff moves for remand of this action, arguing that the "savings to suitors" clause of 28 U.S.C. § 1333 prohibits removal. Under Section 1333, federal district courts have original jurisdiction over "any civil case of admiralty or maritime jurisdiction, *saving to suitors* in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333 (emphasis added). Under this clause, general maritime law claims filed in state court have traditionally been non-removable. *See e.g., In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991). However, in 2011, 28 U.S.C. § 1441, which courts relied on to reach that finding, was amended. Defendant argues that the 2011

amendments changed the law and that general maritime law claims are now removable.

> Before the 2011 amendments, 28 U.S.C. § 1441 stated:
>
> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2006) (amended 2011). The 2011 amendments removed subsection (b) and replaced it with provisions related to removal based on diversity of citizenship.[10]

Before amendment, the Fifth Circuit held that a maritime claim was removable only if there was a non-admiralty basis for jurisdiction. *In re Dutile*, 935 F.2d at 63. In *In re Dutile*, the Fifth Circuit reasoned that "admiralty and general maritime claims fall within the category of any other civil action government by the second sentence of § 1441(b) . . . [and] are

---

[10]  The 2011 amendments also removed the final sentence of section (a). That amendment has no bearing on this discussion.

removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought." *Id.* (cleaned up). Defendant avers that without the pre-amendment section (b), the prohibition on removal falls away.

The Fifth Circuit has not yet decided this issue and courts in this Circuit are split. In *Ryan v. Hercules*, the court reasoned that the removal of the "any other such action" language of § 1441(b) led to the conclusion that general maritime law claims are now removable to federal courts. *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013) (Miller, J.); *see also Costanza v. Accutrans, Inc.*, 2017 WL 4785004, at *5 (E.D. La. Oct. 24, 2017) (Morgan, J.); *Carrigan v. M/V AMC AMBASSADOR*, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014) (Werlein, J.); *Bridges v. Phillips 66 Co.*, 2013 WL 6092803 (M.D. La. Nov. 19, 2013) (Brady, J.); *Wells v. Abe's Boat Rentals Inc.*, 2013 WL 3110322 (S.D. Tex. June 18, 2013) (Rosenthal, J.).

The majority of courts in this circuit, however, have found that such lawsuits remain non-removable. *See Sangha v. Navig8 Ship Mgmt. Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (noting that there was a split in the lower courts with the majority position being that such cases remain non-removable but declining to decide the issue); *see also Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749 (E.D. La. 2014) (Duval, J.); *Alexis v.*

*Hilcorp Energy Co.*, 493 F. Supp. 3d 497 (E.D. La. 2020) (Ashe, J.); *Great N. & S. Naviga18 tion Co. LLC French Am. Line v. Certain Underwriters at Lloyd's London*, 2019 WL 1417305 (E.D. La. Mar. 29, 2019) (Lemelle, J.); *Fleming v. New Orleans Cold Storage & Warehouse Co.*, 2018 WL 2980067 (E.D. La. June 14, 2018) (Lemmon, J.); *Darville v. Tidewater Marine Serv., Inc.*, 2016 WL 1402837 (E.D. La. Apr. 11, 2016) (Brown, J.); *Plaquemines Par. v. Palm Energy Offshore, LLC*, 2015 WL 3404032 (E.D. La. May 26, 2015) (Fallon, J.); *Plaquemines Par. v. Rozel Operating Co.*, 2015 WL 403791 (E.D. La. Jan. 29, 2015) (Africk, J.); *Par. of Plaquemines v. Total Petrochemical & Ref. USA, Inc.*, 64 F. Supp. 3d 872 (E.D. La. 2014) (Zainey, J.); *Bisso Marine Co. v. Techcrane Int'l, LLC*, 2014 WL 4489618 (E.D. La. Sept. 10, 2014) (Feldman, J.); *Riley v. LLOG Explor. Co.*, 2014 WL 4345002 (E.D. La. Aug. 28, 2014) (Milazzo, J.); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, 2014 WL 3796150 (E.D. La. July 29, 2014) (Berrigan, J.); *Sanders v. Cambrian Consultants (CC) Am., Inv.*, 132 F. Supp. 3d 853 (S.D. Tex. 2015) (Miller, J.); *Ibarra v. Port of Hous. Auth. Of Harris Cty.*, 526 F. Supp. 3d 202, 218 (S.D. Tex. 2021) (Lake, J.); *Figueroa v. Marine Inspection Servs., LLC*, 28 F. Supp. 3d 677, 682 (S. D. Tex. 2014) (Ramos, J.); *Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804 (M.D. La. 2015) (deGravelles, J.).

The courts that have found that suits bringing general maritime law claims remain non-removable, have "focused on the 'savings to suitors' clause in § 1333, examined the history of maritime removal jurisdiction, and concluded that the 2011 amendments to § 1441 did not change the traditional non-removability of general maritime law claims." *Alexis*, 493 F. Supp. at 505 (E.D. La. 2020) (Ashe, J.). After a thorough examination of the history and precedents regarding the savings to suitors clause and general maritime law claims, the *Gregoire* court found:

> Congress' 2011 amendments to Section 1441 do not alter [the] conclusion [that maritime law claims brought under the saving to suitors clause in state court require some other basis of jurisdiction independent of Section 1333 to be removable.] Though *Dutile* determined that "[a]ny other such action" under Section 1441(b) was an "Act of Congress" prohibiting removal of saving to suitors clause cases absent diversity and out-of-state defendants, the removal of this language in no way modified the long-standing rule that general maritime law claims require some non-admiralty source of jurisdiction to be removable. Congress has not given any indication that it intended to make substantive changes to removal of admiralty matters, and the Fifth Circuit has not indicated otherwise. . . . Therefore, this Court finds that general maritime law claims are not removable under Section 1333 as part of the original jurisdiction of the court and require an independent basis of jurisdiction.

38 F. Supp. 3d at 765. Further, the legislative history of the amendments supports the notion that the amendments were for convenience, not to enact sweeping changes. *See* H.R. Rep. No. 112-10 ("Section 103(a)(3) places the provisions that apply to diversity actions under one subsection. This change

7

is intended to make it easier for litigants to locate the provisions that apply uniquely to diversity removal."); *see also Clear Lake Marine Center, Inc. v. Leidolf*, 2015 WL 1876338, at *2 (Lake, J.) ("Congress does not appear to have intended such a sweeping expansion of district courts' removal jurisdiction. . . ."). The Court is not satisfied that Congress, in making such a change, intended to unsettle decades of precedent.

The Court is aware of out-of-circuit precedent holding that a party could remove claims to federal court based on admiralty jurisdiction alone. *Lu Junhong v. Boeing*, 792 F.3d 805 (7th Cir.), *reh'g en banc denied*, No. 14-1825 (7th Cir. Aug. 10, 2015). However, because the plaintiff in that case did not mention savings to suitors or make any argument relating to it, the Seventh Circuit declined to consider whether that clause continues to forbid removal. *Id.* at 818. Unlike the plaintiff in *Lu Junhong*, the plaintiff here specifically invokes the savings to suitors clause as a bar to removal.

The Court, therefore, finds that remand is proper. The reasoning discussed at length in *Gregoire*, and adopted by other courts in this Circuit, is persuasive. And the arguments advanced by defendants do not persuade the Court to deviate from this sound reasoning. Furthermore, because "removal statute[s] should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (cleaned up), the Court declines to adopt the

minority argument absent an unambiguous directive from the Supreme Court, the Fifth Circuit, or Congress.

Because this Court joins the growing list of courts in this Circuit finding that an independent basis of jurisdiction remains a requirement for removal of a general maritime claim and defendants have not provided one, the Court remands this case to the Civil District Court for the Parish of Orleans, State of Louisiana.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for remand. This action is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana, for further proceedings.

New Orleans, Louisiana, this __16th__ day of September, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE